UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLIFFORD EVANS MATTHEWS, JR.,
and LEVADA MATTHEWS,

                                        CASE NO.:   3:16-cv-1313-J39MCR

    **Plaintiff,**

vs.

**GFC LENDING, LLC,**

    **Defendant.**
_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW, Plaintiffs, CLIFFORD EVANS MATTHEW JR. and LEVADA MATTHEWS, by and through undersigned counsel, and files this Amended Complaint against Defendant, GFC LENDING, LLC., and alleges:

**JURISDICTION**

1. This is an action for damages that does not exceed five thousand dollars ($5,000.00) exclusive of costs and attorney fees.

2. Jurisdiction and venue for purposes of the action are proper pursuant to Fla. Stat. §559.77.

3. At all material times herein, Defendant's conduct complained of occurred in Flagler County, Florida.

4. At all material times herein, the Defendant engaged in its usual and customary business within Florida and Flagler County, Florida.

1

5. The action arises out of repeated violations of the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from the Plaintiff.

## PARTIES

6. Plaintiffs are natural persons who reside in Flagler County, Florida and are "consumers" as that term is defined by Florida Statute Section 559.55(2).

7. Defendant is a creditor operating from an address of 7465 E. Hampton Avenue, Mesa, AZ 85209 and is a "creditor" as that term is defined by Section 559.55(6).

## CLAIM FOR RELIEF

### COUNT 1
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT Section 559.55 et seq., Fla. Stat.

17. Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by and Section 559.55(1), Fla. Stat., namely, a debt for a 2012 Nissan Altima purchased on January 19, 2016.

18. On August 10, 2016, Plaintiffs retained the undersigned attorney in reference to the debt with the Defendant.

19. During multiple collection phone calls received after retaining counsel, the Plaintiffs explained to Defendant's agents and employees that they had retained an attorney in regards to the debt and provided the attorney's name, address and phone number. The Plaintiffs instructed the Defendant's agents to stop calling them and call their attorney.

20. Despite being on notice of being represented by an attorney, the Defendant has persisted in communicating directly with the Plaintiffs and disregarded their attorney representation.

23. By refusing to stop communicating with the Plaintiffs after being told they were represented by counsel, the Defendant is, was subject to, and has violated provisions of Fla. Stat. §559.72:

> a. ""… or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7)."
>
> b. "Communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address." Fla. Stat. §559.72(18)"

24. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiffs and caused them unnecessary personal strain in their relationships, as well as with other family members.

25. Plaintiffs have suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

26. As a result of Defendant's violations of the FCCPA, Plaintiffs are each entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

27. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant:

- for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiffs;
- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for each Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiffs; and
- for such other relief as this Court deems just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Max Story, Esquire
MAX STORY, ESQ.
Florida Bar: 0527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
(904) 372-4109
max@storylawgroup.com
Attorney for Plaintiff

4

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on November 7, 2016, I electronically filed the foregoing with Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

    Respectfully submitted,

    /s/ Max Story, Esquire
    MAX STORY, ESQ.
    Florida Bar: 0527238
    328 2nd Avenue North, Suite 100
    Jacksonville Beach, FL 32250
    (904) 372-4109
    max@storylawgroup.com
    Attorney for Plaintiff