UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CLIFFORD EVANS MATTHEWS, JR.,**

**and LEVADA MATTHEWS,**

    **Plaintiffs,**                                   CASE NO.:  3:16-cv-1313-HLA-JBT

vs.

**GFC LENDING, LLC,**

    **Defendant.**

_____/

**PLAINTIFF'S MOTION FOR REMAND FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT**

Come now, Plaintiffs, Clifford Evans Matthews, Jr., and Levada Matthews (hereinafter "Plaintiffs"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §1446, hereby file this Motion for Remand and Incorporated Memorandum of Law in Support, and as grounds therefore state as follows:

1.    On September 8, 2016, the Plaintiffs filed a two count Complaint against the Defendant in the Small Claims Division of the Flagler County Court.  The predominant issues in the Complaint are the Defendant's alleged violations of the Florida Consumer Collections Practices Act ("FCCPA") and the related prayer for injunctive and declaratory relief under the FCCPA as well as violations of the Telephone Consumer Protection Act ("TCPA").

2.    On October 17, 2016, the Defendant filed a Notice of Removal pursuant to 28 U.S.C. §1441(c)(1), under 28 U.S.C. §1331, Federal Question Jurisdiction, because in Count II of the original Complaint, the Plaintiffs allege violations of 47 U.S.C. §227, the Telephone Consumer Protection Act.

1

3. The ongoing state proceeding, Case Number 16-SC-369, was stayed by the Defendant's removal to Federal Court.

4. On November 7, 2016, Plaintiffs filed an Amended Complaint alleging only violations of the Florida Consumer Collections Practices Act ("FCCPA") and the related prayer for injunctive and declaratory relief under the FCCPA. The Amended Complaint does not have a count for violation or the TCPA nor allege any violation of any federal statute and therefore this Court lacks subject matter jurisdiction.

WHEREFORE, the Plaintiff respectfully requests this court to remand this case back to the Small Claims Division in the Seventh Judicial District for Flagler County and grant any other relief this Court deems just and proper.

## MEMORANDUM OF LAW
### Facts and Procedural History

This is an action that arises in the Small Claims Division of the Circuit Court system of the State of Florida for the harassment and illegal debt collection practices. The action was filed in the Small Claims Division of the Circuit Court of the State of Florida in Flagler County, on or about September 8, 2016 with the amount in controversy exceeding $2,500.00, and not more than $5,000.00, exclusive of interest, attorneys' fees and costs. The Complaint alleged two counts: Violations of the Florida Consumer Collection Practices Act (hereinafter "FCCPA") and Violations of the Telephone Consumer Protection Act (hereinafter "TCPA").

On or about October 17, 2016, Defendant filed a Notice of Removal of the Circuit Court system of the State of Florida to this federal District Court pursuant to 28 U.S.C. §1441(a). However, on or about November 7, 2016, Plaintiffs amended their Complaint omitting any reference to the TCPA or any other federal statute.

2

United States Code §1447 (2008) entitled, "Procedure After Removal Generally," provides in pertinent part:

> (c) A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction of the jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as the result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
> 28 U.S.C. §1447(c).

**Argument**

Applicable Federal Statutes, Rules and Doctrine: Federal Statute 28 U.S. §1441(a), entitled "Actions Removable Federally," states in pertinent part: Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. §1441(a). Defendant argues that one of the counts, Violations of the TCPA, as enumerated in 47 U.S.C. §227, et seq., is a civil action under which the federal Court has original jurisdiction under the provisions of 28 U.S.C. §1331.

The Plaintiffs do not dispute this claim. However, the Plaintiffs have filed an Amended Complaint which omits any count for the TCPA or any other federal violation and therefore this matter lacks federal subject matter jurisdiction.

### Burden and Scrutiny

When removal is challenged through a motion to remand, the defendant bears the burden of establishing that removal is proper. *Harris Corp. v. Kollsman*, Inc., 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000) ("[T]he burden of persuasion rests upon the removing party, and all doubts as to the propriety of removal are resolved in favor of remand.") (citing *University of South Ala. v. The American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999).) See also: *Droessler v. WyethAyerst Laboratories*, 64 F. Supp. 2d 1265, 1269 (S.D. Fla. 1999); *Woods v. Firestone Tire & Rubber Company*, 560 F. Supp. 588, 590 (S.D. Fla. 1983); and *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("The removing party bears the burden of demonstrating that removal is proper."). This Court has held that "Any doubts about jurisdiction in a removed case should be resolved in favor of remand." *Leon v. First Liberty Ins. Corp.*, 903 F. Supp. 2d 1319, 1321 (M.D. Fla. 2012); see also: *Burs v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

In addition, the Middle District has held that when an action is removed from state to federal court on grounds of federal question jurisdiction, that remand to state court in on order after all federal claims have been voluntarily removed from a complaint. *Estate of William D. Olmstead III v. Beverly Enterprises-Florida, Inc.* 1997 U.S. Dist. LEXIS 4059 *9-10 (M.D. Fla. 1997) (stating "remand is in order where only state lay claims remain, since state courts are the more proper and more efficient forum for such claims").

Thus, in sum: Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. A presumption in favor of remand is necessary because if a federal court reaches the merits of pending motion in a removed case where subject matter jurisdiction may be lacking[,] it deprives a state court of its right under the Constitution to resolve controversies in its own courts. *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added). Federal removal jurisdiction implicates the bedrock principles of federalism, comity, and a plaintiff's right to choose its own forum. Id. at 1321 (citing *Harris Corp.,* 97 F. Supp. 2d at 1150.) As a result, removal statutes are strictly construed. *Leon*, at 1319; Univ. of S. Ala., 168 F.3d at 411. To uphold this principle, the United States Supreme Court mandated strict construction of the removal statutes.

## CONCLUSION

The burden of establishing federal jurisdiction rests upon the party seeking removal.  This Court lacks jurisdiction because Defendant fails to meet its burden in proving that subject matter has been met for federal jurisdiction. Therefore, this case should be remanded to the Seventh Judicial Circuit in and for Flagler County, Florida, Small Claims Division.

    Respectfully submitted,

    /s/ Max Story, Esquire
    MAX STORY, ESQ.
    Florida Bar:  0527238
    328 2nd Avenue North, Suite 100
    Jacksonville Beach, FL  32250
    (904) 372-4109
    max@storylawgroup.com

                Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 14, 2016, I electronically filed the foregoing with Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                Respectfully submitted,

                /s/ Max Story, Esquire
                MAX STORY, ESQ.
                Florida Bar:  0527238
                328 2nd Avenue North, Suite 100
                Jacksonville Beach, FL  32250
                (904) 372-4109
                max@storylawgroup.com