UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLIFFORD EVANS MATTHEWS JR., and LEVADA MATTHEWS,

      Plaintiffs,

v.

GFC LENDING LLC,

      Defendants.

_____/

CASE NO.: 3:16-cv-01313-HLA-JBT

**DEFENDANT'S RENEWED MOTION TO
STAY LITIGATION AND COMPEL ARBITRATION**

Defendant, GFC Lending, LLC, by and through its undersigned counsel and pursuant to Local Rule 3.01 and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. ("FAA"), hereby files this, its Renewed Motion to Stay Litigation and Compel Arbitration, and in support thereof, states as follows:

**Factual and Procedural Background**

On or about January 19, 2016, Plaintiffs purchased a 2012 Nissan Altima, utilizing financing provided by Defendant. As part of this transaction, the Plaintiffs executed an Arbitration Agreement. A true and correct copy of the Arbitration Agreement is attached hereto as ***Exhibit A***.

Pursuant to the Arbitration Agreement, the parties agreed to submit nearly any type of dispute that could arise between them to binding arbitration. Specifically, the Arbitration Agreement indicates, in relevant part, that "all disputes between you and us will be resolved by BINDING ARBITRATION." The Arbitration Agreement broadly defines the types of "Claims" subject to binding arbitration as follows:

> 'Claim' means any claim, dispute, or controversy between you and us arising from or related to one or more of the following:
> (1) the Contract;
> (2) the vehicle or the sale of the vehicle;
> (3) the provision or sale of any goods and services like warranties, insurance and extended service contracts covered by the Contract or related to the vehicle;
> (4) the relationships resulting from the Contract;
> (5) Advertisements, promotions or oral or written statements related to the Contract;
> (6) the financing terms;
> (7) your credit application;
> (8) the origination and servicing of the contract;
> (9) the collection of amounts you owe us;
> (10) any repossession, or replevin, of the vehicle;
> (11) your personal information;
> (12) the rescission or termination of the Contract.
>
> 'Claim' has the broadest reasonably meaning. It includes claims of every kind and nature. This includes initial claims, counterclaims, cross-claims, third-party claims, statutory claims, contract claims, negligence and tort claims (including claims of fraud and intentional torts)….

(Exhibit A.)

The Arbitration Agreement further states that the transaction to purchase the vehicle involved interstate commerce and that the FAA governs the Arbitration Agreement.

Just nine months after purchasing the subject vehicle, Plaintiffs filed a lawsuit in the Seventh Judicial Circuit in and for Flagler County, Florida, Small Claims Division (the "Lawsuit"). The initial Complaint filed in the Lawsuit alleged claims against Defendant arising under the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55, *et seq*. ("FCCPA") and the federal Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA"). These claims were based on the purchase of the vehicle and the servicing of the account the Plaintiffs created by purchasing and financing the vehicle. (See Compl. ¶¶ 17, 28.) On October 17, 2016, the Lawsuit was duly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1367(a). Defendant then filed its initial Motion to Stay Litigation and Compel Arbitration (Dkt. 4.)

Shortly thereafter, Plaintiffs amended their Complaint to drop the federal TCPA claim, and only the FCCPA claims remain. (See Dkt. 7.) No reason has been given to the Court as to why Plaintiffs' deleted their TCPA claim. It must therefore be presumed that the only reason Plaintiffs' deleted their federal claim was in an effort to forum shop and potentially avoid their agreement to arbitrate disputes in accordance with the Arbitration Agreement. See Lieu v. Sandy Sansing Cars, Inc., 2007 WL 4287642, *2 (N.D. Fla. Dec. 5, 2007). "This type of forum manipulation tactic is frowned upon and should not be condoned." Id. But regardless, it does not affect Defendant's right to enforce the Arbitration Agreement or this Court's authority to compel arbitration pursuant to the Arbitration Agreement.[1]

## Legal Argument

There is a strong federal policy under the FAA favoring the enforcement of arbitration agreements. See AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1748 (2011). In accordance with this policy, arbitration agreements are to be generously construed in favor of arbitration. Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221 (1985). The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Dow v. Princess Cruise Lines, Ltd., 657 F.3d 1204, 1213 (11th Cir. 2011).

The FAA applies to any "written provision in any…contract evidencing a transaction involving commerce." 9 U.S.C. § 2 (2012). Section 2 of the FAA further provides that "a written arbitration provision…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." Id. Section 3 of the FAA states that, if a lawsuit in federal court has been brought "upon any issue referable to arbitration under an

---

[1] These issues are discussed in more detail in Defendant's Response in Opposition to Plaintiffs' Motion for Remand, which will be filed contemporaneously with this Renewed Motion.

agreement in writing for such arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. "Thus, a district court must compel arbitration and stay the underlying action if the parties had an earlier agreement to arbitrate their dispute." Losapio v. Comcast Corp., No. 1:10-CV-3438-RWS, 2011 WL 1497652, at *2 (N.D. Ga. April 19, 2011), aff'd 251 Fed.Appx. 602 (11th Cir. 20007) (per curium); see also Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed").

The statutory claims alleged in Amended Complaint (and original Complaint) are subject to arbitration as a matter of law. Multiple courts, including this one, have compelled arbitration of claims arising under the FCCPA and TCPA. See, e.g., Owings v. T-Mobile USA, Inc., 978 F.Supp. 2d 1215 (M.D. Fla. 2013) (compelling arbitration of TCPA and FCCPA claims); Obremski v. Springleaf Financial Services, Inc., 2012 WL 3264521 (M.D. Fla. Aug 10, 2012) (compelling arbitration of TCPA, FCRA and FCCPA claims); Jones v. Sallie Mae, Inc., 2013 WL 6283483 (M.D. Fla. Dec. 4, 2013) (compelling arbitration of TCPA and FCCPA claims); see also Reeves v. Ace Cash Express, Inc., 937 So.2d 1136 (Fla. 2d DCA 2006) (FCCPA claims are subject to arbitration).

The claims alleged in the Amended Complaint (as well as the original Complaint) also fall squarely within the scope of the parties' Arbitration Agreement. The alleged violations of the FCCPA arise from the purchase of the subject vehicle and Defendant's alleged efforts to contact the Plaintiffs regarding the loan used to purchase the vehicle. These claims fit within multiple categories covered by the Arbitration Agreement, including disputes involving the (1) sale of the

vehicle; (2) the relationships resulting from the contract; (3) the financing terms; (4) the origination and servicing of the contract; (5) and the collection of amounts owed to Defendant. The Arbitration Agreement provides that the definition of claims contained therein is to have the "broadest reasonable meaning."

Finally, the fact that Plaintiffs originally asserted their claims in Florida Small Claims Court is of no moment, as the Arbitration Agreement expressly provides for arbitration once a case is transferred to a different court, and all parties agree that the Lawsuit was duly removed to this Court on October 17, 2016. Accordingly, the Court should stay these proceedings and compel arbitration pursuant to the FAA and in accordance with the terms of the parties' Arbitration Agreement.

WHEREFORE, Defendant respectfully requests that this Court enter an order granting this motion, staying the current litigation, compelling arbitration of all disputes between the parties in accordance with the terms of the Arbitration Agreement, and granting Defendant such other and further relief as the Court deems just and proper.

> */s/ John P. Gaset*
> Robert E. Sickles, P.A.
> Florida Bar. No. 167444
> rsickles@broadandcassel.com
> John P. Gaset, Esq.
> Florida Bar No. 98415
> jgaset@broadandcassel.com
> Jason S. Lambert, Esq.
> Florida Bar No. 101121
> jlambert@broadandcassel.com
> **BROAD AND CASSEL**
> 100 North Tampa Street, Suite 3500
> Tampa, FL 33602
> Telephone: 813-225-3020
> Facsimile: 813-225-3039
> Secondary: knovak@broadandcassel.com
> Secondary: nparsons@broadandcassel.com
> *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which electronically notified the following:

Max Story, Esq.
Max Hunter Story, P.A.
328 2nd Ave North
Jacksonville Beach, Florida 32250
max@storylawgroup.com

*/s/ John P. Gaset*
John P. Gaset, Esq.
Florida Bar No. 98415

6