**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CLIFFORD EVANS MATTHEWS, JR.,**
and **LEVADA MATTHEWS,**

      Plaintiffs,

vs.                        Case No.: **3:16-cv-1313-J-25JBT**

**GFC LENDING LLC,**

      Defendant.

_____/

## ORDER

    **THIS CAUSE** is before the Court on Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction (Dkt. 8), and Defendant's Response in Opposition (Dkt. 12), Motion to Stay Litigation and Compel Arbitration (Dkt. 4), and Renewed Motion to Stay Litigation and Compel Arbitration (Dkt. 11).

    Plaintiffs filed their Complaint against Defendant in the County Court of the Seventh Judicial Circuit, in and for Flagler County, Florida on or about September 8, 2016 (Dkt. 2).[1]  Plaintiffs' action is for alleged violations of the Florida Consumer Collection Practices Act (FCCPA) pursuant to Fla. Stat. § 559.55 (Count I), and the federal Telephone Consumer Protection

---

[1] Case No. 2016-SC-00369.

Act (TCPA) pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) (Count II).  On October 17, 2016, Defendant filed a Notice of Removal (Dkt. 1) in this Court.  On October 24, 2016, Defendant filed a Motion to Stay Litigation and Compel Arbitration (Dkt. 4).  On November 7, 2016, Plaintiffs filed an Amended Complaint that included only one count, the FCCPA claim (Dkt. 6).  On November 30, 2016, Defendant filed a renewed Motion to Stay Litigation and Compel Arbitration (Dkt. 11).

To determine federal question jurisdiction in a removal case, the court must look to the complaint as it existed at the time of removal. *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007).  A plaintiff's post-removal amendment of a complaint that drops all federal claims does not divest the court of jurisdiction over the action. *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002).  Instead, the court has discretion to retain jurisdiction over any state law claims or remand upon a proper determination that it would be inappropriate to retain jurisdiction. *Id.* Any uncertainties should be resolved in favor of remand. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

Whether a court exercises jurisdiction over remaining state law claims requires it to consider and weigh the "judicial economy, convenience, fairness, and comity" of such a determination. *Ameritox, Ltd. v. Millenium*

2

*Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see Lake County v. NRG/Recovery Grp., Inc.*, 144 F. Supp. 2d 1316, 1319-20 (M.D. Fla. 2001). "As a matter of comity and to promote justice between the parties," federal courts should avoid decisions of state law to ensure a "surer-footed reading of applicable law." *Ameritox, Ltd.*, 803 F.3d at 540.

Although district courts are encouraged to avoid deciding state law claims when no federal claims remain prior to trial, *Raney v. Allstate Ins.*, 370 F.3d 1086, 1089 (11th Cir. 2004), courts must also guard against forum manipulation. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007).

Another consideration is the Federal Arbitration Act (FAA), which "requires courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel." *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 25-26 (2011); *Bazemore v. Jefferson Capital Sys., LLC*, 827 F. 3d 1325, 1329 (11th Cir. 2016) (noting, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"); *Collado v. J. & G. Transp., Inc.*, 820 F.3d 1256, 1259 (11th Cir. 2016) ("Federal policy strongly favors enforcing arbitration agreements.").

However, the filing of a motion to compel arbitration based on the FAA does not independently confer federal jurisdiction over a case. *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251-52 (11th Cir. 2011) ("The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint.").

Plaintiffs argue remand is proper because their amended complaint no longer includes a federal claim. In response, Defendant contends the parties' Arbitration Agreement allows for arbitration to be compelled after transfer to another court. Defendant further argues it has satisfied the condition precedent in the parties' Agreement, which entitles it to compel arbitration. Defendant also claims the Court should refrain from remanding the case because the FAA applies, and to prevent Plaintiffs from succeeding in an alleged attempt at forum shopping.

As an initial matter, the Court rejects Plaintiffs' argument that the Court lacks subject matter jurisdiction over this case. At the time of removal, the Complaint alleged a federal question to invoke this Court's subject matter jurisdiction. Because Plaintiffs are no longer asserting a federal claim, the Court has discretion to determine whether to exercise supplemental jurisdiction over the remaining state law claim.

4

Regarding the judicial economy of remand, the case is in its earliest stages. Here, no case management report has been filed, no answer has been filed, nor has discovery begun. Plaintiffs have dropped their only federal claim, and the Court has not expended a significant amount of judicial labor as would require the state court to duplicate its efforts as of this time. This factor, therefore, weighs in favor of remand.

As for comity, only the state law claim remains in the Amended Complaint, which is optimally decided by the state court. Central to Plaintiffs' original Complaint was the alleged repeated violations of the FCCPA, and requests for actual and statutory damages up to $1,000, costs, and reasonable attorney's fees pursuant to section 559.77. The original Complaint also included a federal claim for alleged TCPA violations and a request for statutory damages. Notably, the TCPA expressly allows for a private right of action to be brought in an appropriate State court for an alleged violation of the federal statute. *See* 47 U.S.C. § 227(b)(3).

Although courts applying the FCCPA are instructed to give great weight to federal courts' interpretations of the federal Fair Debt Collection Practices Act, the FCCPA is narrower and more specific than its federal counterpart. *See Agrelo v. Affinity Mgmt. Servs., LLC*, 841 F.3d 944, 950 n.10 (11th Cir. 2016) (citing Fla. Stat. § 559.77(5)); *LeBlanc v. Unifund*

*CCR Partners*, 601 F.3d 1185, 1191-92 & n.11 (11th Cir. 2010).  This weighs in favor of remand.

Nor would remand weigh against convenience considering the fact Plaintiffs reside in Flagler County and the state court is in Flagler County, but this Court is approximately seventy miles from the state court.[2]  In addition, the action giving rise to the litigation occurred in Flagler County, and Defendant is located in Arizona.  Thus, remand would seem to lessen any inconvenience of litigating in this Court.

As to the fairness of remand, Defendant properly removed the case to this Court, which required it pay a $400 filing fee and incur related attorney's fees.  Plaintiffs filed their Amended Complaint after Defendant filed its Motion to Compel Arbitration, and Defendant argues Plaintiffs' deletion of its only federal count is an attempt at forum shopping to avoid arbitration.  Plaintiffs do not provide a reason why the federal count was dropped from their Amended Complaint.

Regarding the fairness of remand considering Defendant's removal expenses, absent unusual circumstances, 28 U.S.C. § 1447(c) is meant to

---

[2] Using *Google Maps* (http://maps.google.com), the Court takes judicial notice of the distance between these two points based on information in the record.  *See United States v. Williams*, 476 F. Supp. 2d 1368, 1378 n.6 (M.D. Fla. 2007).

6

reimburse the *opposing party* where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005).

Here, Defendant properly removed this case to this Court. Following removal, Plaintiffs voluntarily deleted their federal claim. As a matter of fairness, Plaintiffs should reimburse Defendant for its removal costs, but the Court is without recourse to order such recovery. *See Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1333-34 (M.D. Fla. 2003). Fairness, therefore, weighs more heavily against remand on this factor.

Without deciding any arbitrable matters or its validity, the Court notes that pursuant to the parties' Arbitration Agreement, Defendant agreed it would "not require arbitration of any individual Claim you make in small claims court or your state's equivalent court, if any. If, however, you or we transfer or appeal the Claim to a different court, we reserve our right to elect arbitration." (Dkt. 11, ex. 1, p. 2). Thus, remand does not ultimately deprive Defendant of its right per the Arbitration Agreement to elect arbitration.

However, to forgo remand would foreclose Plaintiffs' ability to bring suit in small claims court, which is specifically provided for in the Agreement. Further, remand would effectuate Plaintiffs' original choice of

7

state forum.  Principles of fairness, therefore, support remand as this case does not involve the forum shopping concerns of *Carnegie-Mellon*.

Upon consideration of the above factors, the Court has determined that the principles of economy, convenience, fairness, and comity weigh more heavily against retaining jurisdiction.  Thus, remand is appropriate. The Court, therefore, declines to exercise jurisdiction over Plaintiffs' state law claim and the case is remanded to the state court.

Accordingly, it is **ORDERED**:

Plaintiffs' Motion for Remand (Dkt. 8) is **GRANTED**, and the Clerk is directed to **REMAND** this case to the County Court of the Seventh Judicial Circuit, in and for Flagler County, Florida, and then **CLOSE** this case.

**DONE AND ORDERED** this _25th_ day of _January_____, 2017.

**HENRY LEE ADAMS, JR.**
United States District Judge

Copies to:  Counsel of Record